UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON


UNITED STATES OF AMERICA,

                Plaintiff/Respondent,                  CR 02-322-HA
                                                CV 05-461-HA


                                                 ORDER

JERAMIE GILLMAN,

                Defendant/Petitioner.
_____

HAGGERTY, Chief Judge:

      Defendant brings this *pro se* Motion to Vacate or Correct Sentence pursuant to 28

U.S.C. § 2255 (CR 02-322, Doc. #111).  He asserts that his sentence is unconstitutional

under *Blakely v. Washington*, 124 S.Ct. 2531 (2004) and that his right to effective assistance

of counsel under the Sixth Amendment of the United States Constitution was violated because his counsel failed to object to the use of prior convictions during the sentencing hearing. For the following reasons, defendant's motion is denied.

## RELEVANT FACTUAL BACKGROUND

On June 21, 2004, defendant pled guilty to Possession With Intent to Distribute Methamphetamine in violation of 21 U.S.C. § 841(a)(1). A presentence report (PSR) was prepared, which identified an applicable guidelines range of 121-151 months, an offense level 29, and a criminal history category of IV. The court adopted the PSR in part, and granted defendant a three-level downward departure for acceptance of responsibility and a four-level downward departure for substantial assistance. After calculating the adjustments, defendant's sentencing offense level was 25, criminal history category IV. The applicable guideline range was 84-105 months. The court sentenced defendant to 84 months imprisonment, followed by a four-year term of supervised release. Judgment was entered on December 14, 2004.

## STANDARDS AND ANALYSIS

*Blakely* reiterated the rule first announced in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), that "*[o]ther than the fact of a prior conviction*, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." *Id.* at 490 (emphasis added). Because defendant bases his arguments on the assertion that his criminal history should not have been included in the determination of his sentence, *Blakely* and *Apprendi* are inapplicable.

To succeed on a claim for ineffective assistance of counsel, the defendant must prove that his counsel's performance was deficient and that he was actually prejudiced as a result.

*Strickland v. Washington*, 466 U.S. 668, 687 (1984). To show deficient performance, the defendant must show that the counsel's errors were so serious that the counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Id.* To show actual prejudice, the defendant must show that the counsel's errors were so grave as to deprive the defendant of a fair trial. *Id.* These standards are "rigorous" and "highly demanding," and require a showing of "gross incompetence" on the part of counsel. *Kimmelman v. Morrison*, 477 U.S. 365, 381-82 (1986).

There exists a strong presumption that counsel's performance falls within the "wide range of professional assistance . . . ." *Strickland*, 466 U.S. at 689. The defendant bears the burden of proving that counsel's representation was unreasonable under the prevailing professional norms. *Id.* The reasonableness of counsel's performance is to be evaluated from counsel's perspective at the time of the alleged error and viewed in light of all the surrounding circumstances. *Id.* The standard of review is highly deferential. *Id.* Additionally, the defendant must show that actual prejudice resulted, and that but for counsel's error, there is a reasonable probability that the result of the proceeding would have been different. *Id.* at 694.

Here, defendant has presented no evidence that his counsel committed errors so serious as to deprive him of his Sixth Amendment right to counsel. Similarly, defendant has failed to show that any alleged error was so serious as to deprive him of a fair proceeding. Defendant does not argue that the convictions used to calculate his criminal history category were inaccurate, only that they should not have been used to compute his sentence. As noted above, the use of prior convictions to determine a sentence does not violate *Blakely* or

*Apprendi*, and counsel was within the bounds of reasonable representation by failing to advance an argument otherwise.

## CONCLUSION

For the foregoing reasons, defendant's Motion to Vacate or Correct Sentence pursuant to 28 U.S.C. § 2255 (CR 02-322, Doc. #111) is DENIED.  His request for counsel is denied as moot.

IT IS SO ORDERED.

DATED this __21__ day of July, 2005.


__/s/Ancer L.Haggerty_____
                        Ancer L. Haggerty
                        United States District Judge